IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT W. ANDERSON,<br><br>Defendant. | Case No. 23-20012-HLT |

### SENTENCING AGREEMENT

The United States of America, by and through Assistant United States Attorney D. Christopher Oakley, and Scott W. Anderson, the defendant, personally and by and through his counsel, Robin D. Fowler, hereby enter into the following agreement:

1. The Defendant was convicted following a jury trial. The parties have reached an agreement concerning a joint recommended sentence. The parties have agreed as follows:

    a. The parties agree to recommend that the Court sentence the defendant to a 96-month sentence for Counts 1-8 and 24 months on counts 9 through 14 to run concurrently with each other, and a 24-month sentence for Count 9 to run consecutively to all other counts for a total recommended term of imprisonment of 120 months.

    b. The parties agree that restitution is mandatory pursuant to 18 U.S.C. § 3663A(c)(1)(A) and agree to recommend that the Court order a restitution judgment in the amount of $3,778,695.39, as set forth in the table below. The parties agree to recommend the Court waive interest on restitution.

| Paid to | Address | Amount |
|---|---|---|
| OakStar Bank | Attn: Matt McFail<br>1020 E. Battlefield<br>Springfield, MO 65807 | $679,069.07 |
| Landmark National Bank | Attn: Raymond McLanahan 6640 W. 143rd Street Overland Park, KS 66223 | $365,619.77 |
| Itria | One Penn Plaza, Suite 4915 New York, NY 10119 | $208,765.73 |
| Small Business Association | SBA/DFC<br>721 19th St., 3rd Floor, Room 301 Denver, CO 80202 | $2,525,140.82 |

c. In order to facilitate the collection of criminal monetary penalties, including restitution, fines, and assessments, to be imposed in connection with this case, defendant agrees as follows:

   i. Payments toward anticipated criminal monetary penalties made prior to sentencing will be held by the Court Clerk and then applied to the criminal monetary penalties following entry of the Judgment in a Criminal Case. If the amount paid prior to sentencing exceeds the amount ordered at sentencing, the United States Attorney's Office will request language to be included in the Judgment in a Criminal case to authorize the Court Clerk to refund any overpayment to defendant. Payments made prior to sentencing can be sent to the following address and should reference defendant's name and case number:

   Clerk, U.S. District Court
   401 Market, Room 204
   Wichita, Kansas 67202

   ii. Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control of more than $2,000 in value, without written approval from the United States Attorney's Office.

   iii. Within 30 days of any request by the United States Attorney's Office, defendant agrees to execute a financial statement and provide supporting documentation. Defendant expressly authorizes the United States to obtain a credit report before sentencing. Further, defendant

2

        agrees to execute authorizations for the release of all financial information requested by the United States.

  iv.  Defendant agrees the United States Attorney's Office may, pursuant to F.R.Civ.P. Rule 45, subpoena any records it deems relevant to conduct a full financial investigation of defendant's assets prior to sentencing.

  v.  Defendant agrees that all information defendant provides to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office. Likewise, all information defendant provides to the United States Attorney's Office or independently obtained by the United States Attorney's Office in the course of its financial investigation of defendant may be provided to the United States Probation Office.

  vi.  All monetary penalties (including any fine, restitution, assessment, or forfeiture judgment) imposed by the Court, will be due and payable immediately and subject to immediate enforcement by the United States. Any payment schedule set by the Court is a minimum schedule of payment and not a limitation on the United States to enforce the judgment.

  vii.  Defendant waives any requirement for demand of payment on any criminal monetary penalties or forfeiture judgment entered by this Court.

  viii.  Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement of default.

  ix.  If defendant posted funds as security for defendant's appearance in this case, the defendant authorizes the Court to release the funds posted the Court Clerk to be applied to the criminal monetary impositions at the time of sentencing.

  x.  Defendant understands he has an obligation to notify the court and the United States Attorney's Office of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution pursuant to 18 U.S.C. § 3664(k).

  xi.  Defendant understands that failure to comply with the provisions of this section may constitute a breach of this ~~plea~~ agreement, as outlined above. *[handwritten initials: RF]*

d.  The parties agree that the Presentence Investigation Report accurately calculates the offense level and the advisory Guidelines sentencing range.

3

However, the parties agree to ask that the Court find that a variance from the advisory Sentencing Guidelines is appropriate based upon the factors to be identified in Defendant's Sentencing Memorandum.

e. Defendant agrees to withdraw his pending *Motion for New Trial* (doc. 86).

f. The parties acknowledge this agreement constitutes a recommendation to the Court. The Court is not bound in any way to follow the parties' joint sentencing recommendation. As set forth in this agreement, should the Court decide not to follow the parties' recommendation, the defendant is unable to withdraw from this Post-Plea Sentencing Agreement.

g. The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution and jury trial, his conviction, or the components of the sentence to be imposed herein, including assessments and restitution, as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the

4

sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

IT IS SO AGREED.

_____  Date: 5/15/25
D. Christopher Oakley
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, KS 66101
Ph. 913-551-6604
Fax 913-551-6541
Chris.oakley@usdoj.gov
Ks Bar No. 19248

_____ for  Date: 5/15/25
Aaron Smith
Criminal Chief

_____  Date: 5/15/25
Scott W. Anderson
Defendant

_____  Date: 5/15/25
Robin D. Fowler
Bath & Edmonds, PA
4000 W. 114th Street, Suite 210
Leawood, KS 66211
913-652-9800
Fax: 913-213-1849

5

Email: robin@bathedmonds.com
Counsel for Defendant

6